IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONIA KIMMICK,                          )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )          Civil Action No. 06-276
                                        )
GLENN EMBREE,                           )          Judge Lancaster
                                        )          Magistrate Judge Hay
                    Defendant.          )

REPORT AND RECOMMENDATION

I.     RECOMMENDATION

       It is respectfully recommended that the motion for summary judgment submitted on behalf

of Defendant (Docket No. 11) be granted.

II.    REPORT

       Plaintiff, Tonia Kimmick ("Kimmick"), commenced this action under 42 U.S.C. § 1983,

claiming that Defendant, Glenn Embree ("Embree"), deprived her of the rights secured to her under

the Fourth and Fourteenth Amendments to the United States Constitution.  Kimmick additionally

claims that Embree committed assault, battery, and intentional infliction of emotional distress under

the laws of the Commonwealth of Pennsylvania.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and

1343 for her section 1983 claim, and Kimmick invokes supplemental jurisdiction under 28 U.S.C.

§ 1367(a) for her tort claims.

       Presently before this Court for disposition is a motion for summary judgment, submitted on

behalf of the Defendant.  For the reasons that follow, the motion should be granted.

The following facts are undisputed by the parties:  On January 8, 2006, Embree, acting in his official capacity as a state constable, and another constable, Jason Zelmore ("Zelmore"), went to Kimmick's home with several warrants for her arrest.  Kimmick's sister, Eleanor Stauffer ("Stauffer"), answered the door and let Embree and Zelmore into the house.  Embree and Zelmore followed Stauffer to Kimmick's bedroom, where Kimmick was watching television.  Embree informed Kimmick that he had a warrant for her arrest, and then asked if she had any drugs or weapons on her person.  Kimmick denied that she had any drugs or weapons, and Embree asked if he could search her purse.  Kimmick gave her consent, and Embree searched her purse but found nothing.  Kimmick then walked over to her dresser, stating that she wanted to put on socks and shoes, and Embree asked her to lift her shirt up so that he could see whether she had any weapons tucked into her waistband.  With her arms holding the shirt down over her breasts, Kimmick lifted her shirt up to expose her midriff.  Embree then told Kimmick to turn her back to him and put her hands at her side, and he proceeded to frisk her.  After the pat down, Kimmick was allowed to put on shoes and socks before Embree handcuffed her and took her to the police station to be arraigned.

Kimmick filed the instant complaint on March 2, 2006, bringing claims under 42 U.S.C. § 1983, as well as several state tort claims.  Kimmick claims that the aforementioned search incident to arrest violated her right to be free from unreasonable and excessive force, her right to be secure in her person and property, and her right not to be deprived of life, liberty, or property without due process of law.[1]  Kimmick also claims that Embree committed assault, battery, and intentional

---

[1] We understand Kimmick's first two claims to invoke the Fourth Amendment of the United States Constitution.  We read Kimmick's third claim to invoke the Due Process Clause of the Fourteenth Amendment, whereby the Fourth Amendment is made applicable against the states.  See, e.g., New Jersey v. T.L.O., 469 U.S. 325, 334 (1985).  Therefore, we will evaluate all of Kimmick's section 1983 claims according to the Fourth Amendment.

inflication of emotional distress upon her by touching her inappropriately during the search incident to her arrest.

Embree has submitted a motion for summary judgment, claiming that the evidence is insufficient to sustain Kimmick's claims.  Additionally, Embree asserts that he is entitled to qualified immunity on the section 1983 claims, and that 18 Pa.C.S. § 508(a)(1) bars the claims of assault and battery.  Upon review of the parties' briefs and the other exhibits submitted in this case, it appears that Embree is entitled to summary judgment on all of the section 1983 claims.  Since we recommend dismissal of the federal claims in this case, we also recommend that this Court decline to exercise supplemental jurisdiction over the remaining state-law claims.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R.Civ. P. 56(c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The moving party bears the initial burden of "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Id. at 323.  Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations omitted) (emphasis in original).  An issue is genuine only if the evidence is such that a reasonable jury could

3

return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"

Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991),

quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

This Court is first asked to determine whether Embree is entitled to summary judgment on

the section 1983 claims against him.  Embree argues that the evidence of record is insufficient as a

matter of law to establish a violation of Kimmick's constitutional rights.  He claims that an officer

has the right to conduct a search incident to a valid arrest, and that the search that he performed while

arresting Kimmick on January 8, 2006 cannot be considered unreasonable under the Fourth

Amendment.  Embree further argues that even if there were a constitutional violation, his conduct

did not "violate clearly established statutory or constitutional rights of which a reasonable person

would have known," and so he is entitled to qualified immunity.  See Harlow v. Fitzgerald, 457 U.S.

800, 818 (1982).  We agree with Embree that no constitutional violation occurred, and so we do not

reach the issue of qualified immunity.

It is clearly established that an officer conducting a lawful arrest may search "the person of

the arrestee" and "the area within the control of the arrestee."  United States v. Robinson, 414 U.S.

218, 224 (1973).  No additional justification is required for this search, and an officer is permitted

to search an arrestee even when it appears to be unnecessary.  Id. at 234.  While it is possible for the

manner of this search to make the search unreasonable by Fourth Amendment standards, the plaintiff

must show more than a "full search of the person."  See id. at 235.  Even "a relatively extensive

exploration of the person" may be reasonable as part of a search incident to arrest.  Id. at 227.

4

Kimmick makes two specific allegations of unreasonableness in connection with the search incident to arrest.  Kimmick first argues that it was unreasonable for Embree to tell her to lift her shirt up in the course of the search.  Kimmick argues that if she had "not covered her breasts with her arms, [Embree] would have touched them after he directed her to lift up her shirt."  Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, Dkt. [15], at 4.  We find no evidentiary support for this accusation.  According to Kimmick's deposition, the following transpired during her arrest:

> Kimmick: And then I got up.  I told him I had to put my socks on and shoes.  I stood at my dresser.  He asked me -- he asked me to lift my shirt up.
>
> Defense Counsel: You went over by your dresser?
>
> Kimmick: Yes.
>
> Defense Counsel: Okay.  Did he move over toward the dresser with you?
>
> Kimmick: Yes.
>
> Defense Counsel: Okay.  And you lifted your shirt up?
>
> Kimmick: I said, "Excuse me?"  He said, "Lift your shirt up."  I didn't have a bra on, so I covered.  You know, I covered this (indicating) and I lifted up.
>
> Defense Counsel: Okay.  I have to -- you are indicating that you covered your chest area?
>
> Kimmick: I covered my chest.
>
> Defense Counsel: Okay.  With your arms folded?
>
> Kimmick: With my arms, yes.
>
> Defense Counsel: So you lifted your shirt up like that with your arms holding the shirt over your chest?
>
> Kimmick: Yes.

5

Defense Counsel: So that your midriff was exposed?

Kimmick: Yes.

Defense Counsel: Okay.  And your arms were folded over your chest?

Kimmick: Yes.

Deposition of Tonnia Kimmick, Dkt. [13-2], at 23-24.  Kimmick's own description of the search reveals no misconduct on the part of Embree.  This description, even if presumed to be true, is insufficient to support a finding that the search was unreasonable.[2]

Kimmick's second allegation of unreasonableness states that the search was overly intrusive because Embree patted down Kimmick's chest, stomach, buttocks, and outer and inner thighs.  We find this allegation to be equally insufficient.  This was a search incident to arrest, and so Embree

---

[2]  In her counter statement of material facts, Kimmick contests Embree's motivation in asking her to lift up her shirt.  Embree states in his deposition that he asked Kimmick to pull up her shirt in order "to see if there [was] anything in the waistband."  Deposition of Glenn Embree, Dkt. [13-3], at 33.  Kimmick claims that his motivation was suspect because Embree had no reason to think that Kimmick had anything hidden in her waistband.  Response to Defendant's Statement of Material Facts and Plaintiff's Counter Statement, Dkt. [14], at 3.  However, Kimmick's argument ignores <u>Robinson</u>, which specifically states:

> A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick *ad hoc* judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect.

414 U.S. at 235.  Even if Embree lacked the probable cause to search Kimmick's waistband, he was permitted to do so, and a court should not later evaluate whether or not a particular step of the search was justified.  <u>Id.</u>  Therefore, there is no genuine issue of material fact with regard to Embree's motivation in asking Kimmick to lift up her shirt.

was permitted to perform a full search of Kimmick's person.  See Robinson, 414 U.S. at 235.

Although we understand that a physical pat down of an arrestee is an intrusive experience, our

Supreme Court has repeatedly held that a full body search is a reasonable and justified intrusion

where an officer is exercising a valid arrest warrant.  See, e.g., id. at 236.  Kimmick does not present

any evidence to support her allegation that this search exceeded the permissible bounds of the Fourth

Amendment, and so she fails to present sufficient evidence upon which a jury could return a verdict

in her favor.[3]

      Our review of the record shows that Embree has met his burden of identifying those portions

of the record that "demonstrate the absence of a genuine issue of material fact."  See Celotex, 477

U.S. at 323.  In addition, we find that Kimmick has failed to carry her burden of setting forth

"specific facts showing that there is a genuine issue for trial."  See Matsushita, 475 U.S. at 587.

Since there is no genuine issue of material fact, a trial is unnecessary and Embree is entitled to a

judgment as a matter of law on the section 1983 claims.  See Fed. R.Civ. P. 56(c).  Because we find

that Embree did not violate Kimmick's constitutional rights in performing the search incident to

arrest on January 8, 2006, we recommend that Embree's motion for summary judgment be granted

as to the section 1983 claims against him.

---

[3]  Although not argued by Kimmick here, during her deposition her primary accusation against Embree appeared to be based on her belief that a male officer is not allowed to frisk or pat-down a female arrestee unless a female officer is present.  See Deposition of Tonnia Kimmick, Dkt. [13-2], at 10.  As argued by Embree, however, the United States District Court for the Eastern District of Pennsylvania rejected this precise argument in Aquino v. Englert, 1996 U.S. Dist. LEXIS 21092 (E.D. Pa. 1996), finding that "it would be unduly burdensome on police to require that, when a female is to be arrested, a female police officer be available on the scene to conduct the search incident to arrest."  Id. at *14.

Having found that Kimmick is unable to sustain her section 1983 claims against Embree, it appears that only state law claims for assault, battery, and intentional infliction of emotional distress remain.  Where all claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (1995)(citations omitted).  Here, considerations of judicial economy, convenience and fairness to the parties weigh in favor of the district court exercising its discretion to refrain from hearing the state law claims since they involve purely matters of state law.  Needless decisions of state law are to be avoided as a matter of comity. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966).

For these reasons, it is recommended that the motion for summary judgment submitted on behalf of Defendant (Docket No. 11) be granted.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated: 13 August, 2007

cc:    Hon. Gary L. Lancaster
       United States District Judge

8

Ryan R. Smith, Esquire
Ryan R. Smith Law Offices
1040 Fifth Avenue
Pittsburgh, PA 15219

Suzanne B. Merrick, Esquire
Thomas, Thomas & Hafer LLP
One Oxford Centre
Suite 1150
301 Grant Street
Pittsburgh, PA 15219